## EASTMAN KODAK CO. v. E M F ELECTRIC SUPPLY CO.

### No. 1044.

District Court, D. Massachusetts.

Dec. 18, 1940.

Claude R. Branch, Charles Ryan, and Choate, Hall & Stewart, all of Boston, Mass., for plaintiff.

Ruben H. Klainer, of Boston, Mass., for defendant.

FORD, District Judge.

The above-entitled cause of action came before me on December 16, 1940, upon a summons to show cause granted December 6, 1940, upon an application by the plaintiff for a preliminary injunction. The case was heard upon the verified complaint, af-fidavits filed by both parties, and the matter was also argued by counsel for the plaintiff and defendant.

On the basis of the complaint and affidavits in support thereof, I find the following facts in compliance with the provisions of Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

### Findings of Fact.

The plaintiff is a New Jersey corporation and the defendant a Massachusetts corporation, and the value of the plaintiff's good will, business, and trade-marks sought to be protected in this proceeding is in excess of $3,000. The plaintiff, as producer, has entered into agreements with retailers in Massachusetts establishing the minimum retail resale price of certain of its products bearing its name, trade-marks, brands, and labels. The defendant had notice of the existence of such agreements and of the minimum retail resale prices established in accordance therewith, and the products of the plaintiff, as to which minimum retail resale prices have been established, are sold at retail in Massachusetts in free and open competition with commodities of the same general class produced by others. The defendant is knowingly and wilfully offering for sale and selling to consumers products of the plaintiff, bearing its name, trade-marks, brands, and labels, at prices less than those established as the minimum retail resale prices of such articles in accordance with the agreements above referred to.

### Conclusions of Law.

I conclude that the defendant is violating the Massachusetts Fair Trade Law (Massachusetts General Laws (Ter. Ed.) c. 93, §§ 14A–14C, as added by St. 1937, c. 398), and that the acts of the defendant constitute unfair competition and will cause irreparable injury to the plaintiff's name, trade-marks, brands, and labels, unless the defendant is enjoined from continuing its violations. Further, I conclude the plaintiff has no other adequate remedy at law.

In view of the foregoing findings of fact and conclusions of law a preliminary injunction is to issue as outlined in the complaint, and that the order will issue upon the plaintiff's giving security in the sum of $250 for the payment of costs and

112

damages as may be incurred or suffered by the defendant, if found to be wrongfully enjoined.